UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM THATCHER,

        Plaintiff,                              Case No. 12-CV-10288

vs.                                               HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER (1) ACCEPTING THE RECOMMENDATION IN THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED FEBRUARY 15, 2013 (DKT. 15), (2) SUSTAINING IN PART, OVERRULING IN PART, AND FINDING MOOT IN PART DEFENDANT'S OBJECTIONS (DKT. 17), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (4) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 12), AND (5) REMANDING THE CASE**

**I. INTRODUCTION**

This is a social security case. Plaintiff William Thatcher appeals from the final determination of the Commissioner of Social Security that he was temporarily disabled and therefore entitled to disability benefits from February 16, 2006 to October 30, 2008. The matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. The parties have filed cross motions for summary judgment (Dkts. 12, 13). Magistrate Judge Majzoub issued a report and recommendation (R&R) (Dkt. 15), recommending that Plaintiff's motion be granted and that Defendant's motion be denied. Defendant filed objections to the R&R (Dkt. 17) and Plaintiff has filed a response (Dkt. 18). The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons that follow, the Court will (i) accept the recommendation in the R&R, (ii)

overrule Defendant's first objection, (iii) sustain Defendant's second objection, (iv) deem Defendant's third objection moot, (v) grant Plaintiff's motion for summary judgment, (vi) deny Defendant's motion for summary judgment, and (vii) remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings that are consistent with the opinion.

The factual and procedural background of this case, along with the standard of review and legal principles governing social security appeals, have been adequately set forth by the Magistrate Judge in her R&R and need not be repeated here. Administrative Law Judge Paul R. Armstrong (ALJ) granted in part Plaintiff's claim for disability benefits on finding that Plaintiff became disabled on February 16, 2006, had severe impairments to his left shoulder and depression, so that he was disabled until October 31, 2008. The ALJ further found that after October 31, 2008, Plaintiff's medical condition improved so that he had the residual functional capacity (RFC) to perform light work with certain restrictions. The ALJ concluded that, given Plaintiff's RFC, age, education, and work experience, Plaintiff had been able to perform a significant number of jobs in the national economy. After reviewing the record and the cross motions for summary judgment, the Magistrate Judge determined that substantial evidence did not support the ALJ's conclusions that Plaintiff was only disabled until October 31, 2008, and recommended remanding the case.

In particular, the Magistrate Judge found that the ALJ (i) violated the treating physician rule in evaluating Plaintiff's treating psychiatrist and (ii) failed to account for Plaintiff's moderate restrictions in concentration, persistence, and pace in the residual functional capacity assessment that he included in the hypothetical question that he provided to the vocational expert (VE). R&R at 11-17. Defendant has objected to the Magistrate Judge's handling of these two issues. After thorough review of the entire record, the Court finds that remand is warranted,

because the ALJ failed to provide good reasons for discounting the opinion of Plaintiff's treating psychiatrist.

## II. ANALYSIS

Defendant has filed three objections in support of his position that the decision of the ALJ is supported by substantial evidence. The Court addresses Defendant's objections, in turn.

### A. First Objection

In the first objection, Defendant argues that the ALJ applied the correct standard and provided more than adequate reasons for assigning the treating physician's opinion of Yarlagadda Prasad, M.D., limited weight. Def.'s Objection. at 2 (Dkt. 17). In response, Plaintiff reargues the points he made in his motion for summary judgment. Pl.'s Resp. at 2-3. For the reasons explained below, the Court overrules Defendant's objection.

The "treating source rule" governs an ALJ's analysis of a claimant's medical record. Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009). If the opinion of a claimant's treating source physician is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give the opinion "controlling weight." Id. See 20 C.F.R. § 404.1527(c)(2) (explaining that "[g]enerally, we give more weight to opinions from your treating sources"). If an ALJ does not give a treating source physician's opinion controlling weight, the ALJ must still determine how much weight to afford the opinion. Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 550 (6th Cir. 2010). Under the applicable regulations, the factors an ALJ must apply in determining the proper weight to give to a medical opinion include (1) the nature of the examining relationship; (2) the nature of the treatment relationship; (3) whether the opinion has "supportability," or in other words, a medical source presents relevant evidence to support an

3

opinion, particularly medical signs and laboratory findings; (4) whether the opinion is consistent with the record as a whole; and (5) whether the source of the opinion is a specialist. 20 C.F.R. § 404.1527(c).

Furthermore, the ALJ's decision must include "good reasons" for the weight assigned to a medical opinion. Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir. 2007). "Good reasons" are "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. Jul. 2, 1996).

Courts have explained that the "good reasons" rule helps the claimant understand an unfavorable decision regarding a benefits determination because he "'might be especially bewildered when told by an administrative bureaucracy that" he does not have a disability, even though his doctors have been telling him that he is disabled. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The "good reasons" rule also assists federal courts in conducting adequate and meaningful review of a case. Id. If an ALJ fails to abide by the "good reasons" rule, a reviewing court must remand the case, even if there is substantial evidence in the record for the ALJ to discount a treating source opinion. Id.

Turning to the ALJ's decision issued on January 26, 2010, Plaintiff's treating psychiatrist, Dr. Yarlagadda Prasad, offered an opinion in September 2009 in a document titled "Mental Capacities Evaluation Medical Assessment." A.R. 350-355. The opinion noted that Plaintiff suffered from numerous limitations and provided findings of "depressive syndrome" with "marked deficiencies in social functioning" and "deficiencies in concentration, persistence,

4

and pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere)." A.R. 354-355.

The ALJ did not give Prasad's opinion controlling weight and assigned it "no more than limited weight." A.R. 53. Friend, 375 F. App'x at 550. In doing so, the ALJ found that the nature of the examining relationship and Prasad's specialty of psychiatry weighed in favor of according Prasad's opinion more weight. A.R. 53. But the ALJ stated that Prasad's opinion was not well-supported or "fully consistent with the record." Id. The ALJ explained that Plaintiff's "robust activities of daily living," documented in a September 20, 2007 function report and Plaintiff's testimony, indicated that the "effects of his impairments are exaggerated." A.R. 54.

The R&R faulted the ALJ for this analysis, stating that the ALJ cited the wrong standard when evaluating Prasad's opinion and gave only a cursory discussion of the limitations documented in Prasad's September 2009 opinion. R&R at 15 (Dkt. 15). Contrary to Defendant's objection, the Court agrees with the Magistrate Judge's conclusion. As stated in the R&R, the record indicates that Plaintiff was treated at Oakland Psychological Clinic from January 21, 2008 through September 10, 2009. Prasad's opinion found that Plaintiff exhibited severe and moderately-severe impairments in several categories for job functioning. A.R. 350-355. The ALJ did not give "sufficiently specific" reasons for assigning this opinion limited weight. Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5. The ALJ stated that the information contained in the function report led him to believe that Plaintiff was functioning at a higher level than alleged. A.R. 54. But the ALJ did not explain why or how this function report undermined specific parts of Prasad's findings, such as a severe impairment in sustaining concentration on task. A.R. 351. Thus, although substantial evidence may exist in the record to support the ALJ's decision, the violation of the "good reasons" rule demands remand. Wilson, 378 F.3d at 544.

5

### B. Second Objection

In Defendant's second objection, Defendant argues that the ALJ correctly found that Betsy Jo Rose, a limited licensed psychologist, was an acceptable medical source. In response, Plaintiff equivocates whether Rose is an acceptable medical source, but nevertheless argues that a report she authored about Plaintiff is not substantial evidence. Pl.'s Resp. at 4. The Court agrees with Defendant, as the R&R does not reference 20 C.F.R. § 404.1513(d) and Social Security Ruling 06-03p.

The Social Security Administration weighs medical evidence, which can come from two sources – "acceptable medical sources" and "other sources" that are not "acceptable medical sources." 20 C.F.R. § 404.1513. There are five defined "acceptable medical sources": licensed (1) doctors, (2) psychologists, (3) optometrists, and (4) podiatrists, and (5) qualified speech-language pathologists. Id. at § 1513(a)(1)-(5). In addition, the ALJ may also review evidence from "other sources to show the severity" of a claimant's impairments, such as additional medical sources of "nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists." Id. at § 1513(d)(1).

Social Security Ruling 06-03p, 2006 WL 2329939, (Soc. Sec. Admin. Aug. 9, 2006), further clarifies the interplay between "acceptable medical sources" and "other" or "additional medical sources." "While the ruling notes that information from 'other sources' cannot establish the existence of a medically determinable impairment, the information 'may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.'" Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 541 (6th Cir. 2007) (quoting Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *3). Indeed, the agency recognizes that other sources of medical evidence can carry considerable, even determinative, weight. For example, "depending on the particular facts

in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source." Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *5.

Turning to the ALJ's decision, the ALJ stated that Betty Jo Rose, a limited licensed psychologist, was a "treating psychologist." A.R. 53. The ALJ considered Rose's patient treatment notes in evaluating the treating source opinion of Prasad. Id. In particular, the ALJ noted that Prasad's global assessment of functioning (GAF) score of 40 for Plaintiff in April 2008 was inconsistent with Rose's GAF of 65 for Plaintiff in January 2008. Id.

As the Magistrate Judge pointed out, a limited licensed psychologist is not an "acceptable medical source" under 20 C.F.R. § 404.1513(a)(2). The Magistrate Judge faulted the ALJ for not indicating that Betty Jo Rose was not an acceptable medical source as part of her discussion that the ALJ failed to give good reasons for assigning limited weight to Prasad's opinion.

However, the Magistrate Judge's assessment of Rose ignores other applicable law that allowed the ALJ to consider Rose's treatment notes as evidence. As explained above, 20 C.F.R. § 404.1513(d) explicitly allows other medical sources and places no limit on the kind of medical professional that can serve as a source. See, e.g., Eiseler v. Barnhart, 344 F. Supp. 2d 1019, 1025-1026 (E.D. Mich. 2004) (considering as medical evidence evaluation by limited licensed psychologist, which was included in claimant's medical records). Furthermore, the record indicates that Plaintiff treated with Rose from January 2008 to September 2009. A.R. 310, 312-315, 325-335. Rose did not provide an opinion, but the treatment notes are evidence that the ALJ was entitled to consider to "provide insight into the severity of" Plaintiff's impairment and how they affect his ability to function. Soc. Sec. Rul. 06-03p, at *3. Clearly, the ALJ was

7

allowed to consider Rose as a treating medical source and did not err by failing to indicate that Rose was not an "acceptable medical source."[1] Accordingly, the Court sustains Defendant's objection.

### C. Third Objection

In the third objection, Defendant argues that the Magistrate Judge erroneously concluded that the ALJ's residual functional capacity (RFC) determination failed to accommodate Plaintiff's moderate limitations in concentration, persistence, and pace. Def.'s Objections at 5-6.

The Social Security regulations require that between step three and step four of the sequential evaluation process, the ALJ must first consider a claimant's RFC. 20 C.F.R. § 416.920(e). RFC "is defined as the most a claimant can still do despite the physical and mental limitations resulting from her impairments." Poe v. Comm'r of Soc. Sec., 342 F. App'x 149, 155 (6th Cir. 2009). In determining RFC, the ALJ must assess all of a plaintiff's impairments, not just those that are severe. 20 C.F.R. §§ 416.920(e); 416.945. An ALJ's RFC determination must be supported by substantial evidence. Torres v. Comm'r of Soc. Sec., 490 F. App'x 748, 754 (6th Cir. 2012) ("Substantial evidence supports the ALJ's RFC and disability determinations."). If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." Id. (internal quotations omitted).

In his decision, the ALJ assigned Plaintiff an RFC that limited him to "simple, unskilled work only." A.R. 51. Defendant objects that this limitation adequately accounted for Plaintiff's mental impairments, as found credible by the ALJ. Def.'s Objections at 5-6. Defendant

---

[1] The ALJ stated that he considered the opinion evidence in accordance with the requirement of Social Security Ruling 06-03p. A.R. 52.

contends that the ALJ made a proper RFC determination by finding that Plaintiff's limitations in concentration and attention "restricted him to performing simple, unskilled work." Id. at 5. Defendant also argues that substantial evidence supported the ALJ's reasoning. Id. at 6. In response, Plaintiff re-argues the point made in his motion for summary judgment – that the ALJ made his RFC determination without substantial evidence. Pl.'s Resp. at 5-8.

The Court has already determined that the ALJ did not give "good reasons" for according Prasad's opinion "no more than limited weight." During the proceedings on remand, the ALJ may determine that Prasad's opinion should be afforded more, less, or the same weight as he previously determined in the decision that is presently before the Court. On remand, the ALJ should reformulate his RFC based on his new conclusions regarding the proper weight to be accorded Prasad's opinion. Because the Court is ordering the ALJ to reformulate the RFC on remand, Defendant's third objection is moot.

### III. CONCLUSION

For the reasons stated above, the Court (i) accepts the recommendation in the R&R, (ii) overrules Defendant's first objection, (iii) sustains Defendant's second objection, (iv) deems Defendant's third objection moot, (v) grants Plaintiff's motion for summary judgment, (vi) denies Defendant's motion for summary judgment, and (vii) remands this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings that are consistent with the opinion.

SO ORDERED.


Dated: March 29, 2013                                     s/Mark A. Goldsmith
       Flint, Michigan                                    MARK A. GOLDSMITH
                                                          United States District Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2013.

                                    s/Deborah J. Goltz
                                    DEBORAH J. GOLTZ
                                    Case Manager